IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

Steven Jackson

    Plaintiff,

v.                                          CIVIL ACTION NO. 1:07CV990-mef

Media, Inc., Fourdom Construction, LLC
and Wallace Cooley.

    Defendants.

## COMPLAINT

### I. JURISDICTION

1.    The jurisdiction of this Court is invoked by the Plaintiff pursuant to 28 U.S.C. §1331 and 29 U.S.C. §§1104, 1105, 1021(d), 1132(a)(1) & (3), and 1132(c)(1) & (3) (as applicable). This is a lawsuit for violations of ERISA, in particular for breaches of fiduciary duty for failing to remit funds to the administrator in a timely manner or at all and failing to notify Plaintiff of said failures to remit. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by the above statutes providing damages, injunctive and other relief for breaches of fiduciary duties and failure to provide required and requested information.

2.    Venue is proper in the Middle District of Alabama, Southern Division in that Plaintiff is a resident of Dale County, Alabama and was employed by the Defendants, Media, Inc., and Fourdom Construction, LLC, in Houston County, Alabama in the Middle

-1-

District of Alabama and in the Southern Division of said Middle District.

## II. PARTIES

3.  Plaintiff, Steven Jackson ("Jackson"), is a resident of Clayhatchee, Alabama and was employed by the Defendant, Media, Inc., and Fourdom Construction, LLC as a superintendent.

4.  Defendant, Media, Inc., is an Alabama corporation with headquarters in Dothan, Alabama and doing business in Alabama and surrounding states.

5.  At all times relevant hereto Defendant Media, Inc., has maintained and operated a business in Alabama in an industry affecting interstate commerce.

6.  Defendant, Media, Inc., was an employer of Jackson as that term is defined under 29 U.S.C. §1002(2).

7.  Defendant, Fourdom Construction, LLC, is an Alabama corporation with headquarters in Dothan, Alabama and doing business in Alabama and surrounding states.

8.  At all times relevant hereto Defendant Fourdom Construction, LLC, has maintained and operated a business in Alabama in an industry affecting interstate commerce.

9.  Defendant, Fourdom Construction, LLC, is an employer of Jackson as that term is defined under 29 U.S.C. §1002(2).

10. Defendant Wallace Cooley is the owner and operator of Defendant Media, Inc., and Fourdom Construction, LLC and at all times relevant hereto acted directly as

Plaintiff's employer, or indirectly in the interest of Plaintiff's employer, in relation to Plaintiff's employee benefit plan.

11.  Defendant Wallace Cooley was an employer of Plaintiff as that term is defined under 29 U.S.C. §1002(2).

12.  Defendant Wallace Cooley is an administrator and plan sponsor of Plaintiff's Retirement Benefit Plan as those terms are defined under 29 U.S.C. §1002(16).

13.  Defendant Wallace Cooley is a fiduciary of Plaintiff's Retirement Benefit Plan as that term is described under 29 U.S.C. §1002(21).

### III. STATEMENT OF PLAINTIFF'S CLAIMS

14.  Plaintiff adopts and realleges each and every material allegation contained in paragraphs 1 - 13 as if fully set forth herein.

15.  Jackson was employed by the Defendants for approximately 7 years with the last 5 years as a manager in Dothan, Alabama.

16.  During his employment, Jackson participated in an individual retirement account plan through his employers, Media, Inc., Fourdom Construction, LLC and Mr. Wallace Cooley.

17.  Said plan was managed by the SouthTrust Bank and subsequently Wachovia Bank, N.A., hereinafter, Wachovia.

18.  The plan was identified as Media, Inc. Simple IRA.

19    During his employment, Jackson's pay check was deducted certain amounts for investment in the plan.

20.   Jackson's employer was required, pursuant to the terms of the plan, to match a percent of said deductions and remit all such funds to the plan investment managers at Wachovia.

21.   However, throughout the operation of the plan, the Defendants, Media, Inc., Fourdom Construction, LLC and Wallace Cooley failed to remit funds in a timely manner to Wachovia.

22.   Funds were often not remitted for over 6 months or longer.

23.   Defendants have failed to remit any funds since December, 2006.

24.   In April, 2007 Plaintiff was terminated from his position.

25.   At the time of his termination, Jackson made inquiries into the status of his plan and the funds therein.

26.   Defendants Media, Inc., Fourdom Construction, LLC, and Wallace Cooley refused to provide the information requested despite several demands.

27.   As a result of Defendants' failure to timely remit funds as required under ERISA, Plaintiff has suffered a loss of investments and interest that he otherwise would have gained had funds been properly remitted and he has otherwise been damaged.

## COUNT I –VIOLATION OF 29 U.S.C. §§1104 & 1105

28.  Plaintiff adopts and realleges each and every material allegation contained in paragraphs 1 - 27 as if fully set forth herein.

29.  Plaintiff brings this count pursuant to 29 U.S.C. §§1132(a)(1)(B) & (a)(3) to enforce his rights under the terms of the plan or to clarify his right to future benefits under the terms of the plan and to obtain appropriate equitable relief to redress violations for breaches of fiduciary duties under the terms of the plan and to compel the Defendants to make good any losses to his plan as a result of their breach of fiduciary duties under 29 U.S.C. §1109(a).

30.  Defendants Media, Inc., Fourdom Construction, LLC and Wallace Cooley are fiduciaries and co-fiduciaries under the terms of the plan and under ERISA.

31.  Defendants breached their fiduciary duties under ERISA in that they did not discharge their duties with respect to the plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and beneficiaries, nor in accordance with the documents and instruments governing the plan in violation of 29 U.S.C. §1104(a)(1).

32.  To the extent that any of the Defendants was not an actual fiduciary, they were a co-fiduciary and liable for the breaches of such other fiduciaries in that they knowingly participated in or knowingly undertook to conceal such other fiduciaries breaches of fiduciary duty, and/or failed to comply with 29 U.S.C. §1104(a)(1) enabling such other

fiduciaries to commit breaches of fiduciary duties; and/or had knowledge of a breach by such other fiduciaries and made no reasonable efforts under the circumstances to remedy the breach.

33. Specifically, Defendants failed to remit funds withheld from Jackson's paychecks and failed to timely remit funds withheld from Jackson's paychecks.

34. By failing to remit funds Defendants have engaged in prohibited transactions, specifically transferring to or use by or for the benefit of a party in interest, the assets of the plan that were to be remitted, in violation of 29 U.S.C. §1106(a)(1)(D).

35. By failing to remit funds Defendants as fiduciaries have dealt with assets of the plan in their own interest and/or for their own account, in violation of 29 U.S.C. §1106(b).

36. Defendants as employers of Jackson have dealt with assets of the plan in their own interest and/or for their own account, in violation of 29 U.S.C. §1106(b).

37. Under information and belief, the plan is not a multiemployer plan, but should such a determination be made then the Defendants failure to make contributions to the plan is a violation of 29 U.S.C. §1145.

38. As a result of Defendants' breaches of fiduciary duties, Plaintiff has lost interest income in the plan and lost income in the plan.

39. Plaintiff respectfully requests an entry of Judgment against the Defendants and an order requiring them to make Plaintiff whole by granting:

    (a)    a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys and those acting in concert with the Defendants and at Defendants' requests from violating ERISA, 29 U.S.C. §§1104, 1105, 1106 and 1145.

    (b)    appropriate declaratory, remedial, and equitable relief, including making the plan whole for all such losses caused by interest losses, and by failing to make required remittances to the plan pursuant to 29 U.S.C. §1109, plus interest, attorneys' fees, expenses and costs.

    (c)    Such other, different and additional relief and benefits as justice may require.

## COUNT II – VIOLATION OF 29 U.S.C. §1021(d)

40.    Plaintiff adopts and realleges each and every material allegation contained in paragraphs 1 - 39 as if fully set forth herein.

41.    Plaintiff brings this count pursuant to 29 U.S.C. §§1132(a)(1)(A) & (a)(3) to enforce his rights under 29 U.S.C. §1132(c)(3) and to obtain appropriate equitable relief.

42.    Defendants Media, Inc., Fourdom Construction, LLC, and Wallace Cooley, as administrators and plan sponsors of the Plaintiff's individual account retirement plan, failed to remit installments or other payments to Wachovia as required by the plan.

43.    Defendants Media, Inc., Fourdom Construction, LLC, and Wallace Cooley,

as administrators and plan sponsors of the Plaintiff's individual account retirement plan, failed to notify plaintiff of their failure to make required installment or other payments before the 60th day following the due dates for such installments or other payments as required pursuant to 29 U.S.C. §1021(d)(1).

44. Defendants have never filed for a waiver request with the Secretary pursuant to 29 U.S.C. §1021(d)(2).

45. Plaintiff respectfully requests an entry of Judgment against the Defendants and an order requiring them to make Plaintiff whole by granting:

(a) a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys and those acting in concert with the Defendants and at Defendants' requests from further violations of ERISA, 29 U.S.C. §1021(d)(1).

(b) appropriate remedial, equitable, and declaratory relief, including liquidated damages in the amount of $100/day pursuant to 29 U.S.C. §1132(c)(3), interest, attorneys' fees, expenses and costs.

(c) Such other, different and additional relief and benefits as justice may require.

*Gerald L. Miller*
GERALD L. MILLER (MIL039)
Attorney for Plaintiff

REDDEN, MILLS & CLARK, LLC
940 Financial Center
505 20th St N
Birmingham , AL 35203-2605
(205) 322-0457
glm@rmclaw.com


PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:

**Defendants' Addresses:**

Media, Inc.
c/o Wallace Cooley
6130 Eddins Road
Dothan, Alabama 36301

Fourdom Construction, LLC
c/o Wallace Cooley
6130 Eddins Road
Dothan, Alabama 36301

Wallace Cooley
6130 Eddins Road
Dothan, Alabama 36301