IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

STEVEN JACKSON,           )
                          )
        Plaintiff,        )
                          )
v.                        )
                          )   CIVIL ACTION NO. 1:07cv990-MEF
MEDIA, INC., FOURDOM      )
CONSTRUCTION, LLC , and   )
WALLACE COOLEY,           )
                          )
        Defendants.       )

## ANSWER OF DEFENDANTS

Come now the Defendants, Media, Inc., Fourdom Construction, LLC, and Wallace Cooley (the "Defendants"), by and through their undersigned attorneys, and answer the Plaintiff's Complaint as follows:

### First Defense

Plaintiff's Complaint, and each Count thereof, fails to state a claim against the Defendants upon which relief can be granted.

### Second Defense

Pending discovery, Defendants reserve the right to show that all or a portion of the Plaintiff's claims are barred by the applicable statute of limitations.

### Third Defense

Plaintiff's claims or portions thereof are barred by application of the doctrine of waiver.

### Fourth Defense

Plaintiff's claims or portions thereof are barred by application of the doctrine of estoppel.

**Fifth Defense**

There is no causal relation between the acts of Defendants and any injury or damage allegedly suffered by the Plaintiff.

**Sixth Defense**

Plaintiff has suffered no damage as a result of any act or omission on the part of the Defendants.

**Seventh Defense**

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own conduct, and any damages which Plaintiff has allegedly sustained would have been sustained regardless of any act or omission of the Defendants.

**Eighth Defense**

Pending discovery, Defendant reserves the right to show that the Plaintiff has and continues to have the opportunity to mitigate the damages alleged, and has failed and refuses to do so.

**Ninth Defense**

In further answer to Plaintiff's Complaint, the Defendants say as follows with regard to each respectively numbered paragraph thereof:

**I. JURISDICTION**

1.      Defendants admit that this Court has jurisdiction of this case pursuant to 28 U.S.C. §1331 to the extent that the Plaintiff has properly alleged a claim for which relief can be granted for a violation of ERISA (29 U.S.C. §1100, et seq.). The remainder of paragraph 1 of Plaintiff's Complaint contains no allegations against the Defendants; however, to the extent that the statements

made in paragraph 1 of Plaintiff's Complaint are intended or deemed to be a part of the Plaintiff's claim for relief within the meaning of Rule 8(a) of the Federal Rules of Civil Procedure, the same are denied.

2. Defendants admit that venue is proper in the Middle District of Alabama, Southern Division, to the extent that Plaintiff has a claim for which relief can be granted for a violation of ERISA as alleged in Plaintiff's Complaint.

## II.  PARTIES

3. With regard to the allegations contained in paragraph 3 of Plaintiff's Complaint, Defendants are without sufficient knowledge to admit or deny the truth of the allegations concerning the residency of the Plaintiff and, therefore, deny those allegations; and admit the remaining allegations contained therein.

4. Defendants admit the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendants admit the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Defendants admit the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Defendants deny that the defendant, Fourdom Construction, LLC, is an Alabama corporation, but admits the remaining allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Defendants admit the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Defendants admit the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. With regard to the allegations contained in paragraph 10 of Plaintiff's Complaint, Defendants admit that defendant, Wallace Cooley, is the principal shareholder of defendant, Media, Inc., and the owner of the principal membership interest in, defendant, Fourdom Construction, LLC, but deny the remaining allegations contained therein.

11.    Defendants deny the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.    Defendants deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.    Defendants deny the allegations contained in paragraph 13 of Plaintiff's Complaint.

### III.  STATEMENT OF PLAINTIFF'S CLAIMS

14.    With regard to the allegations contained in paragraph 14 of Plaintiff's Complaint, Defendants restate and incorporate by reference their responses to paragraphs 1 through 13 of Plaintiff's Complaint as set forth above.

15.    Defendants admit the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.    With regard to the allegations contained in paragraph 16 of Plaintiff's Complaint, Defendants admit that Plaintiff participated in a retirement plan established by his employers, Media, Inc. and Fourdom Construction, LLC, but deny the remaining allegations contained therein.  For further answer to paragraph 16 of Plaintiff's Complaint, Defendants state that the Plaintiff has mischaracterized the "retirement plan" established by defendant, Media, Inc. and that the "plan" consisted solely of a self-directed individual retirement account (IRA) established in Plaintiff's name through which only the Plaintiff could choose to or not to invest the funds placed therein.

17.    Defendants deny the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.    Defendants admit the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.    With regard to the allegations contained in paragraph 19 of Plaintiff's Complaint, Defendants admit that deductions were made from Plaintiff's paychecks for deposit into an individual retirement account established for his benefit.

20.    Defendants deny the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. With regard to the allegations contained in paragraph 24 of Plaintiff's Complaint, Defendants admit that the Plaintiff's employment was terminated by Defendants because Plaintiff smoked marijuana while on the job on a U. S. Government installation.

25. Defendants deny the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations contained in paragraph 27 of Plaintiff's Complaint.

## COUNT I – VIOLATION OF 29 U.S.C. §§1104 & 1105

28. With regard to the allegations contained in paragraph 28 of Plaintiff's Complaint, Defendants restate and incorporate by reference their responses to paragraphs 1 through 27 of Plaintiff's Complaint as set forth above.

29. Paragraph 29 of Plaintiff's Complaint contains no allegations against the Defendants; however, to the extent that the statements made in paragraph 29 of Plaintiff's Complaint are intended or deemed to be a part of the Plaintiff's claim for relief within the meaning of Rule 8(a) of the Federal Rules of Civil Procedure, the same are denied.

30. Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Defendants deny the allegations contained in paragraph 31 of Plaintiff's Complaint.

32. Defendants deny the allegations contained in paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. Defendants deny the allegations contained in paragraph 34 of Plaintiff's Complaint.

35. Defendants deny the allegations contained in paragraph 35 of Plaintiff's Complaint.

36. Defendants deny the allegations contained in paragraph 36 of Plaintiff's Complaint.

37. With regard to the allegations contained in paragraph 37 of Plaintiff's Complaint, Defendants admit that the "retirement plan" established to benefit the Plaintiff is not a multiemployer plan, and deny the remaining allegations contained therein.

38. Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendants deny that the Plaintiff is entitled to any relief sought in paragraph 39 of his Complaint, or any sub-paragraph thereof.

**COUNT II – VIOLATION OF 29 U.S.C. §1021(d)**

40. With regard to the allegations contained in paragraph 40 of Plaintiff's Complaint, Defendants restate and incorporate by reference their responses to paragraphs 1 through 39 of Plaintiff's Complaint as set forth above.

41. Paragraph 41 of Plaintiff's Complaint contains no allegations against the Defendants; however, to the extent that the statements made in paragraph 41 of Plaintiff's Complaint are intended or deemed to be a part of the Plaintiff's claim for relief within the meaning of Rule 8(a) of the Federal Rules of Civil Procedure, the same are denied.

42. Defendants deny the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the allegations contained in paragraph 43 of Plaintiff's Complaint.

44. With regard to the allegations contained in paragraph 44 of Plaintiff's Complaint, Defendants admit that no waiver request was filed with the Secretary of Labor, but deny that such a request was required of Defendants.

45. Defendants deny that the Plaintiff is entitled to any relief sought in paragraph 45 of his Complaint, or any sub-paragraph thereof.

46. Defendants deny each and every material allegation contained in the Plaintiff's Complaint, and each Count thereof, to the extent that such allegations imply or infer (i) that there were any unlawful practices or wrongful acts or omissions on the occasions described in the Complaint, (ii) that the conduct of the Defendants constituted a violation of ERISA, (iii) that the Plaintiff suffered any injury or damages as a result of any act or omission on the occasions described in the Complaint, or (iv) that the Defendants are otherwise liable to the Plaintiff on the occasions described in the Complaint.

47. Defendants deny each and every material allegation contained in the Plaintiff's Complaint, and each Count thereof, that is not specifically, expressly admitted herein.

48. Defendants reserve the right to plead any additional affirmative or other defenses which develop or after discovery may be appropriate.

49. Defendants deny that the Plaintiff is entitled to any relief against the Defendants sought in his Complaint, and each Count thereof.

**WHEREFORE**, Defendants seek a dismissal of Plaintiff's Complaint, and each Count thereof, or alternatively, a judgment in their favor, and an award of costs and expenses incurred in defense.

Dated this 27th day of November, 2007.

                                              /S/   James D. Farmer
                                              James D. Farmer
                                              (ASB-8636-E67J)

        /S/    W. Davis Malone, III
W. Davis Malone, III
(ASB-2134-N67W)
Attorneys for Defendants

OF COUNSEL:

FARMER, FARMER & MALONE, P.A.
112 West Troy Street
Post Office Drawer 668
Dothan, Alabama   36302
Telephone: (334) 794-8596
Facsimile: (334) 794-4401
jdf@ffmlaw.com
wdm@ffmlaw.com

CERTIFICATE OF SERVICE

     I hereby certify that on this 27th day of November, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system which will serve notification of such filing on the following:

        Gerald L. Miller, Esq.
Attorney for Plaintiff
Redden, Mills & Clark, LLC
940 Financial Center
505 20th Street North
Birmingham, Alabama   35203-2605
glm@rmclaw.com

I further certify that I have served the following by placing a copy thereof in the United States Mail, postage prepaid and properly addressed:

        None

        /S/    James D. Farmer
Of Counsel